WILLIAM and SALLY HALL, d/b/a PARADISE SAILING CLUB, d/b/a PARADISE YACHT CHARTERS, INC., Plaintiffs

v.

S.V. "JACKIE O", her engines, tackle and equipment, IN REM, and JOHN T. O'NEIL, IN PERSONAM, and JACQUELINE O'NEIL, IN PERSONAM, Defendants

Civil No. 89-23

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 13, 1990

MARSHALL A. BELL, St. Thomas, V.I., *for plaintiffs*

FREDERICK G. WATTS, St. Thomas, V.I., *for defendants*

BROTMAN, *Acting Chief Judge*

## ORDER

THIS MATTER comes before the Court on a motion to amend filed by plaintiffs. A response thereto has been filed by defendants.[1] Pursuant to Fed. R. Civ. P. 15(a), plaintiffs seek to amend their complaint to reflect claims for lost income from charters, fees allegedly due pursuant to a March 2, 1987 Yacht Management Agreement and certain custodian costs having accrued through March 2, 1989. In support of their motion, plaintiffs assert that defendants will not be prejudiced by such an amendment as they have actual knowledge of the amounts claimed.

In response, defendants state that the amounts sought to be amended arise from plaintiffs' claim for breach of contract or plaintiffs' custodian duties and as such, do not comprise claims for a maritime lien. Although not expressly stated, defendants imply that denial of plaintiffs' motion to amend is warranted because plaintiffs' in personam claims should not be amended when defendants have entered a Rule E(8) appearance.

Defendants have cited no case law for this theory, nor has the Court found any cases or reasoning which would curtail or prevent the granting of plaintiffs' motion to amend on this basis. Moreover, "[an] owner or claimant entering a restricted appearance can be sued in personam if process could be effectively served upon him as a result of a presence within the district that is unrelated to the restricted appearance in the in rem action." 7A Moore's Federal Practice ¶ E.16[1], at E-769. There is as yet, no indication that plaintiffs' in personam claims are not viable. This being so, and because Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice requires," this Court finds there to be sufficient cause to grant plaintiffs' motion to amend.

The premises being considered and the Court being fully advised.

IT IS ORDERED:

THAT the motion to amend filed by plaintiffs is GRANTED.

---

[1] The Court notes that defendants John T. O'Neil and Jacqueline O'Neil have entered a restricted appearance pursuant to Rule E(8) of the Federal Rules of Civil Procedure for Certain Admiralty and Maritime Claims. Rule E(8) provides that [a]n appearance to defend against an admiralty and maritime claim with respect to which there has issued process in rem, or process of attachment and garnishment whether pursuant to these Supplemental Rules or to Rule 4(c), may be expressly restricted to the defense of such claim, and in that event shall not constitute an appearance for the purposes of any other claim with respect to which such process is not available or has not been served.